RECEIVED BY MAIL
JUL 09 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHEASTERN DIVISION OF MISSOURI

In Regarding: Case Number: 1:17-cr-00103-1-RLW

Comes Now, the Defendant Brandon Donnor, inmate number: 44493-045, in above stated case number: file this Motion Requesting Compassionate Release pursuant to Title 18 U.S.C. Section 3582(c)(1).

The defendant previously filed a request to the Warden via Inmate Cop Out Request. The defendant has not received an answer that request. It has been well over 30 days.

As the Courts Knows, 18 U.S.C. Section 3582(c)(1) normally requires that the defendant has fully exhausted all administrative right to appeal a failure of the BOP to bring a motion on behalf, or wait for "the lapse of 30 days from the receipt of such a request by the Warden of the defendants' facility, whichever is earlier" before filing a motion for compassionate release. "30 days" have lapsed since the defendant turned his request for Compassionate Release to his counselor Ms. Greer. via Cop-Out Inmate Request. He now submits to the Courts for Compassionate Release.

The defendants' Acting Unit Manager placed a Memo Up stating that, "Possible exposure to COVID-19 does not meet the requirement to be approved for RIS/Compassionate Release." See Attach Exhibit A.

Which clearly shows that the Facility/Warden will not grant his compassionate release or even answer it like it has done in this case.

The truth of the matter is that existing courts across the country have come to different conclusions about whether or not the the exhaustion requirement may be waived. Obviously, the Defendant agrees with the courts finding exhaustion is waivable. While there are a number of cases finding exhaustion waivable with many fine opinions on the issue, the defendant encourages the court to read Judge Indira Talwani's order on the issue in <u>United States v. Guzman Soto</u>, Case No. 18-10086 (D. Mass. April 17, 2020), rejecting the government's exhaustion argument. Also read the Amicus Brief in <u>United States v. Millage</u>, Case No. 20-30086 (9th Cir.), by the Ninth Circuit Federal and Community Defender Organizations in support of the defendant. The brief discusses the exhaustion issue in exhaustive detail.

It is reasonable to ask what will be accomplished by waiting 30 days? Given the BOP's compassionate release requirements it is not going to move for the defendant's release. The defendant does not meet any of those criteria. Nor does COVID-19 and its serious risk it presents.

At the end of the day the exhaustion issue comes down to power. Does the court that sentence the defendant have the power to grant compassionate release or must the court defer to the BOP to dither away 30 days to accomplish nothing? The defendant submits that to ask the question is to answer it.

The defendant is High Risk To Covid-19

2 of 6

"Compassion - sympathetic consciousness of others' distress together with a desire to alleviate it." https://www.merriam-webster.com compassion. The defendant is in distress. He is obese, has hypertension, and:

- Non-st. Myocardial Infraction (Heart Attack Oct. 2019) (Nov. 2019) 2 weeks in Memphis (St. Francis) for severe heart palpatations.
- Bradycardia (low HR) discovered
- Decide after testing to discuss installing a pace maker but haven't able to return to Cardiologist since COVID-19 lock down.
- Wolff Parkinson White Syndrom.
  - Diagnosed in Nov. 2018
  - Heart fluctuates patterns causing it to miss beats.
  - Partially the reason for the pacemaker
- Major Depression Disorder
- General Anxiety Disorder
- ADHD,

incarcerated in the BOP's Second Highest Facility with Inmates infected by COVID-19. That puts him at high risk of death He Hopes the Court will have compassion and release him from incarceration early to avoid dying from COVID-19. My prison sentence is now subject to turning into a death sentence, which I did not plea to or get sentence to. With 400,000 dead worldwide https://coronavirus.jhu.edu/map.html and 44,845 deaths in the United States as of todate, it seems bizarre to even have to argue over whether or not the risk of death from COVID-19 is an extraordinary and compelling reason to grant compassionate

3 of 6

release. But in other cases the government has argued it is not, so the defendant addresses the issue.

As more is learned about the circumstances of those who have died from the virus it is becoming clearer that individuals with certain underlying medical conditions are at the greatest risk of death. The most in dept look yet at those who have been hospitalized due to the virus confirms the most common comorbidities in those who have died are hypertension, obesity, and diabetes. see: https://jamanetwork.com/journals/jama/fullarticle/2765184

This study corroborates a study done by the CDC patients who were hospitalized with laboratory confirmed COVID-19 infections from March 1, through March 30, 2020, as reported by hospitals across the country. see: www.cdc.gov These studies found approximately 90% of hospitalized patients had at least one underlying chronic health condition with the most common being obesity, hypertension, chronic lung disease, diabetes mellitus and cardiovascular disease. Based on these studies and the facts that the defendant is obese, has hypertension, and has various other medical conditions there can be no argument that he is at great risk of death if he contracts COVID-19. When that risk is coupled with the fact that the defendant is being housed in an institution the BOP has made the second highest facility with inmates positive with

COVID-19 pandemic response has been overwhelming. Is it really worth risking the defendants life for a punishment that can be served by other means verses a cruel and unusual punishment served being exposed to a dangerous condition in custody via life-threatening illness COVID-19. Although the circumstances of the present offense qualified the defendant for the serious sentence that was originally imposed, the sentencing purposes of a "Just Punishment" under §3553(a) does not warrant a sentence that includes exposure to a life threatening illness like COVID-19.

In fact, Eighth Amendment prohibition on cruel and unusual punishment includes unreasonable exposure to a dangerous condition in custody. Helling v. Mckinney, 509 U.S. 25, 28 (1993) see also Wallis v. Baldwin 70 F.3d 1074 (9th Cir. 1995)(applying Helling to exposure to asbestos); Brown v. Mitchell 327 F.Supp. 2d 615, 650 E.D. Va. July 28 2004 (applying Helling to contagious diseases caused by overcrowding conditions) Here, the overriding factor under Section 3553(a) that was not present at the time of sentencing is the COVID-19 Pandemic and the serious risk it presents.

### Re Entry Plan

If released the Defendant will live with his mother Pamela Hartline at 1400 Montgomery Ave Apt 1. Nashville TN 37207. My family are very willing to have me home.

5 of 6

<u>*Compassionate Release Sought*</u>

WHEREFORE, the defendant respectfully requests that this Honorable Court grant him compassionate release.

I HEREBY CERTIFY that all herein is true and correct to the best of my knowledge, information, and belief under the penalty of perjury.

Executed Date: 6/26/2020                                x/Brandon Banner

4-9-2020 Town Hall//Follow-up

At this time Commissary has stopped at the Low due to the wide spread of COVID19. Each housing unit was given two cases of soap which equals 2 bars per inmate on Tuesday. Also Trust Fund has provided a hygiene kit (soap, toothpaste, razor, etc) for each inmate weekly. The Charging Stations in H-A will not be replaced at this time. DHO/UDC phone restrictions will remain in effect. Inmates on restriction will not be allowed to use the phone until the restriction has ended. Green form BP199s will be processed. Sheet exchange will be Friday, Saturday and Sunday. Staff will issue three masks per inmate. Helena Upper counselors have been instructed to pass out paper BP-199s and complete mail runs for Helena Upper and Helena Lower inmates.

Requirements for Home Confinement under Attorney General Barr's Memo dated 26 MAR 2020:
-Minimum Risk score
-no incident reports in the last 12 months
-no history of violence
-no gang activity in prison
-not a sex offender
-is a U.S. citizen
-established home plan

Requirements for Reduction In Sentence/Compassionate Release IAW PS 5050.50:
Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Possible exposure to COVID-19 does not meet the requirement to be approved for RIS/Compassionate Release.

*[signature]*

A. Parks, Helena Acting UM
4-10-2020

*Exhibit A*

Brandon Donner #47143044
Forrest City Low
Federal Correction Complex
P.O. Box 9000
Forrest City, AR 72336

MEMPHIS TN 380
05 JUL 2020 PM 2 L



RECEIVED
BY MAIL
JUL 09 2020
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

U.S. District Court
555 Independence St.
Cape Girardeau, MO 63701

63703-623555



Case: 1:17-cr-00103-RLW   Doc. #: 63   Filed: 07/09/20   Page: 9 of 9 PageID #: 198